UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>HIACHOR KPODI,<br><br>Defendant. | Criminal Action No. 13-214 (BAH)<br>Judge Beryl A. Howell |

**MEMORANDUM AND ORDER**

Defendant Hiachor Kpodi, who was sentenced to 151 months in prison after a jury, in 2014, convicted him of possessing with intent to distribute twenty-eight grams or more of cocaine base and possession of a firearm by a felon, has filed the instant *pro se* motion for "an order reducing his sentence to 121 months pursuant to 18 U.S.C.[] § 3582(c)(2) and U.S.S.G. Amendment 782." Def.'s Mot. Reduction Sentence at 1 ("Def.'s Mot."), ECF No. 72. For the reasons explained below, defendant's motion is denied.

**I.   BACKGROUND**

On December 3, 2013, a grand jury indicted defendant on one count of possessing with intent to distribute twenty-eight grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii) (Count 1); one count of possessing with intent to distribute a mixture or substance containing a detectable amount of oxycodone, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 2); one count of possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count 3); and one count of using, carrying, and possessing a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (Count 4). *See* Superseding Indictment, ECF No. 14. On January 10, 2014, a jury found defendant guilty on Counts 1 (cocaine distribution) and 3 (firearm

possession) and acquitted him on Counts 2 (oxycodone distribution) and 4 (firearm possession in furtherance of drug-trafficking offense).  *See* Verdict Form, ECF No. 35.

At sentencing, in June 2014, the Court determined, consistent with the Probation Office's Presentence Report ("PSR"), that, based on his criminal history, defendant was in criminal history category III and that, on Count 1, his total offense level was 34, by application of U.S.S.G. §§ 2D1.1(a)(5), (c)(4), *see* PSR ¶ 22, ECF No. 51 ("USSG §2D1.1 of the guidelines . . . provides that an offense involving 335.3 grams of cocaine base has a base offense level of 32."), and § 2D1.1(b)(1) (application of the two-level specific offense characteristic for possession of a dangerous weapon).  Sentencing Tr. at 26:3–19 (Jun. 3, 2014) ("2014 Sentencing Tr."); PSR ¶¶ 22, 23, 30, 39.[1]  This resulted in an advisory sentencing range for defendant, on Count 1, of 188 to 235 months' imprisonment and, on Count 3, of 120 months.  2014 Sentencing Tr. at 26:15–18; PSR ¶ 88.

In its sentencing memorandum, the government consented to recommend a two-level downward variance to defendant's base offense level in consideration of the then-proposed amendment to the Sentencing Guidelines' Drug Quantity Table for those convicted of drug-trafficking offenses, on the condition that defendant "agrees on the record at the sentencing hearing that . . . [he] will not later seek a reduced sentence, pursuant to 18 U.S.C. § 3582(c), in the event that the proposed amendment is adopted and made retroactive by the Sentencing Commission."  Gov't's Sentencing Mem. at 7–8, ECF No. 43; *see also* Def.'s Sentencing Mem. at 17–18, ECF No. 42.  With the parties' consent, this reduction was considered as a downward departure under

---

[1]  The Court determined that the PSR accurately grouped Counts 1 and 3 for guideline calculation purposes, pursuant to U.S.S.G. § 3D1.2(c), since "the conduct covered by [Count 3] is grouped together with and a specific offense characteristic under the guidelines applicable to Count 1."  2014 Sentencing Tr. at 25:20–26:2; PSR ¶ 21.  "Pursuant to USSG §3D1.3(a), the offense level applicable to the Group is the offense level which produces the highest total offense level," which, in defendant's case, was the guideline for Count 1: U.S.S.G. § 2D1.1.  PSR ¶ 21.

U.S.S.G. § 5K2.0, "based upon the U.S. Sentencing Commission's approval of a two-level reduction in all offense levels in the Drug Quantity Table [pursuant to U.S.S.G. Amendment 782] and the defendant's agreement not to seek further reduction on this basis should that reduction be made retroactive." Jun. 5, 2014 Statement of Reasons ("2014 SOR") at 5, ECF No. 49; *see also id.* (observing that "[b]oth the government and defense counsel consented to this two-level departure from the applicable offense level of 34 to offense level of 32"); 2014 Sentencing Tr. at 19:9–21, 21:3–22:5.

With application of the two-level downward departure under U.S.S.G. § 5K2.0, defendant's total offense level was 32, which, based on a criminal history category of III, resulted in an advisory guidelines sentencing range of 151 to 188 months. 2014 Sentencing Tr. at 23:11–13, 26:15–19. Defendant was then sentenced at the lowest end of the applicable guidelines range, on Count 1 (cocaine distribution), to 151 months' imprisonment and, on Count 3 (firearm possession), to 120 months' imprisonment, to run concurrently. *Id.* at 49:5–11; Jun. 5, 2014 Judgment as to Hiachor Kpodi at 2, ECF No. 48. As the Court explained at sentencing, this sentence was warranted because the offense conduct and relevant conduct "involved not only a significant distribution amount of cocaine base but also multiple firearms and evidence of use of those firearms" and "relevant conduct, including the street gun-fight in April leading to the investigation and search warrant of the defendant's residence on May 9, 2013, the April 2013 car stop, in which a loaded firearm was found in the defendant's car, and the October 30, 2013 search of his Maryland residence, show that the defendant was engaged in significant drug trafficking over an extended period of time in 2013, in both D.C. and Maryland, and that he continued in this conduct unabated even after his arrests in April and in May, 2013," 2014 SOR at 5; *see also* 2014 Sentencing Tr. at 43:17–47:5, and his "prior conviction [for serious drug and gun offenses] was

3

over a decade ago," for which defendant had served "a fairly lengthy period of parole on his prior conviction," 2014 SOR at 5; 2014 Sentencing Tr. at 47:6–48:5.

Defendant appealed his sentence, which the D.C. Circuit vacated and remanded, based on the panel's view that the Court "considered, as an aggravating factor, evidence that Kpodi was involved in an unrelated gunfight even though it had prohibited the Government from introducing the same evidence during Kpodi's trial." *United States v. Kpodi*, 824 F.3d 122, 123 (D.C. Cir. 2016). During the pendency of this appeal, Amendment 782 to U.S.S.G. § 2D1.1 became effective on November 1, 2014, nearly six months after defendant's initial sentencing. *See* U.S.S.G. Amendment 782.

On remand, at the time of defendant's resentencing on January 6, 2017, Amendment 782 was already in effect. Thus, at defendant's resentencing hearing, the Court determined that his total offense level, pursuant to U.S.S.G. § 2D1.1(a)(5), (b)(1), (c)(4), was 32, after starting with a base offense level of 30 and application of the two-level specific offense characteristic for possession of a dangerous weapon, with the result that, with his criminal history category of III, defendant's advisory guidelines sentencing range was 151 to 188 months' incarceration on Count 1 and 120 months' incarceration on Count 3. Sentencing Tr. at 16:22–17:3 (Jan. 6, 2017) ("2017 Sentencing Tr."); *see also* Jan. 9, 2017 Statement of Reasons ("2017 SOR") at 5, ECF No. 67. The defendant was, again, sentenced at the lowest end of the guidelines range, on Count 1, to 151 months' imprisonment and, on Count 3, to 120 months' imprisonment, with both sentences to run concurrently. 2017 Sentencing Tr. at 49:15–18; Jan. 9, 2017 Judgment at 3, ECF No. 66. The Court considered the severity of defendant's offense conduct, "the clear need for deterrence and protection of the public in this case given the defendant's brazen involvement in illegal crack dealing with a gun and ammunition," and in light of several mitigating factors, including

4

"defendant's family situation and his desire to have a role in his children's lives, as well as his [] medical condition" at the time. 2017 Sentencing Tr. at 37:19–42:10; 2017 SOR at 5. Defendant again appealed his sentence, and the D.C. Circuit affirmed his sentence. *United States v. Kpodi*, 888 F.3d 486, 488 (D.C. Cir. 2018).

On September 2, 2022, defendant filed the instant motion for resentencing, pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 782. *See generally* Def.'s Mot. Counsel was appointed to represent defendant in connection with the motion, Min. Order (Sept. 8, 2022), and the briefing schedule proposed by the parties was adopted, Min. Order (Jan. 3, 2023). Consistent with the scheduling order, the Probation Office timely filed a report, on February 2, 2023, explaining that because defendant "received the benefit of the two-level reduction in the Drug Quantity Table at his original sentencing hearing on June 3, 2014 (via downward departure), as well as at re-sentencing on January 6, 2017," "[h]e is not eligible for a further reduction[.]" Feb. 2, 2023 Probation Mem. at 3, ECF No. 75. Defendant's counsel filed a status report on February 23, 2023, explaining that, "[a]fter consultation with Mr. Kpodi, undersigned counsel and Mr. Kpodi rely on the arguments made in Mr. Kpodi's pro se motion (ECF 72), and have no further arguments to submit." Def.'s Status Rep. at 2, ECF No. 76. Accordingly, defendant's motion is now ripe for resolution.

## II. DISCUSSION

Section 3582(c) provides that "[t]he court may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) ("A federal court generally 'may not modify a term of imprisonment once it has been imposed.'") (quoting § 3582(c)); *Pepper v. United States*, 562 U.S. 476, 501 n.14 (2011) ("Once imposed, a sentence may be modified only in very limited circumstances.") (citing § 3582(c)).

This "rule of finality," however, "is subject to" the "narrow exceptions" set forth in § 3582(c). *Freeman v. United States*, 564 U.S. 522, 526 (2011) (plurality), *holding modified in other respects by Hughes v. United States*, 138 S. Ct. 1765 (2018). One of those "narrow exceptions" authorizing modification of an otherwise final federal sentence includes when a defendant was sentenced 'to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), which defendant's *pro se* motion asserts applies here, *see* Def.'s Mot. at 1–2.

Defendant, however, already received the benefit of the guideline amendment reducing by two-levels all offense levels in the Drug Quantity Table, both at his initial sentencing in 2014 and at his resentencing in 2017. Feb. 2, 2023 Probation Mem. at 3. At his initial sentencing in 2014, defendant prospectively received the benefit of Amendment 782 through a two-point downward departure pursuant to U.S.S.G. § 5K2.0, *see* 2014 Sentencing Tr. at 19:9–21, 21:3–22:5, 49:5–11; 2014 SOR at 5, and Amendment 782 was in effect at his resentencing in 2017, *see* Jan. 2017 SOR at 1. Furthermore, defendant incorrectly calculates his total offense level as 30, rather than the correct total offense level of 32, *see* Def.'s Mot. at 2, by failing to account for application of the two-level specific offense characteristic for possession of a dangerous weapon, pursuant to U.S.S.G. § 2D1.1(b)(1), *see* 2017 Sentencing Tr. at 16:22–17:3; 2017 SOR at 1; PSR ¶ 23. Accordingly, defendant's motion for resentencing must be denied because he has already received the full benefit of application of Amendment 782. *See United States v. Wright*, No. 06-cr-184, 2014 WL 12724427, at *2 (D.D.C. July 21, 2014) (denying defendant's motion for resentencing because his sentence already "incorporated the reduction provided by" the U.S.S.G. amendment at issue).

### III. CONCLUSION AND ORDER

For the foregoing reasons, defendant's Motion for Reduction of Sentence, ECF No. 72, is **DENIED**.

**SO ORDERED.**

Date:  November 13, 2023

　　　　　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　　**BERYL A. HOWELL**
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge